*819 OPINION.
Phillips :
These proceedings raise several questions with respect to the jurisdiction of the Board. In some instances the petition filed with the Board was based upon a letter from the Bureau of Internal Revenue which was not a final determination by the Commissioner. In such cases further petitions were later duly filed based upon the notice of final determination. In other instances the petitioners seek to have the Board consider the action of the Commissioner for a year for which he has made no determination of a deficiency. In such cases the Board has no jurisdiction. Appeal of R. P. Hazzard Co., 4 B. T. A. 150; Appeal of Cornelius Cotton Mills, 4 B. T. A. 255. In others which the petitioners seek to have us consider, the Commissioner denied claims for refund or credit or allowed claims for abatement in excess of the amount of the additional assessment. In neither of such cases has the Board any jurisdiction under the provisions of the Revenue Act of 1926. That the respondent did not raise the jurisdictional question in some instances is unimportant, the Board being a body of limited jurisdiction and without power, even by consent of the parties, to accept jurisdiction not conferred on it by the law.
In the proceeding instituted by Theodore Stanfield, known as Docket No. 3076, the Board has jurisdiction as to the year 1917 but not of the year 1918, the proceeding as to that year being based 'upon a notice which was not a final determination. That proceeding, so far as it relates to 1918, will be dismissed for want of jurisdiction. That year is properly before the Board in the proceeding known as Docket No. 4056.
In the proceeding instituted by Otto Sussman, known as Docket No. 3077, the Board has jurisdiction as to the year 1917 but not of the years 1918, 1919, and 1920. That proceeding, so far as it relates to the years 1918, 1919, and 1920, will be dismissed for want of jurisdiction. In the proceeding instituted by Otto Sussman, known as Docket No. 9190, the years 1918 and 1920 are properly before the Board. For the year 1919 the Commissioner determined no deficiency and denied no claim for the abatement of any additional assessment of tax. Under the Revenue Act of 1926, the Board had no jurisdiction as to that year, as was pointed out in the cases cited above.
The jurisdictional questions presented in the proceeding instituted by Siegmund Adler are the same as those presented in the petitions filed by Otto Sussman. The proceeding known as Docket No. 3078 *820 will be dismissed, so far as it relates to the years 1918, 1919, and 1920, for want of jurisdiction to consider those years and the proceeding known as Docket No. 4059 will be dismissed as to the year 1919 for the same reason.
The proceeding filed by Moritz Roos known as Docket No. 3079, will be dismissed, so far as it relates to the years 1918, 1919, and 1920, for want of jurisdiction in the Board to consider those years, and the proceeding known as Docket No. 4060 will be dismissed as to the year 1919 for the same reason.
In the proceeding instituted by Harold K. Hochschild known as Docket No. 3080, it appears that for the year 1917 the Commissioner has allowed an abatement of tax to the extent of the assessment previously made by him, resulting in the determination of no deficiency. In such circumstances the Board has no jurisdiction as to that year. Nor has the Board jurisdiction in that proceeding of the years 1918,1919, and 1920, the proceeding not being based upon notice of a final determination. The proceeding known by such docket number will, therefore, be dismissed for want of jurisdiction. In the proceeding instituted by Harold K. Hochschild, known as Docket No. 4057, the Board has jurisdiction as to the year’s 1918 and 1920, but none as to the year 1919. That proceeding, so far as it relates to such year, will be dismissed for want of jurisdiction.
In the proceeding filed by Berthold Hochschild and known as Docket No. 3081, said Hochschild petitions the Board for a redetermi-nation of his tax liability for 1917, 1918, and 1919. As to 1917, the petition is based upon a letter from the Commissioner refusing to change his previous decision with reference to the tax liability for that year. There was no denial of a claim for abatement of an unpaid additional assessment or the determination of any deficiency in tax. Such letter was in effect a refusal to grant a credit or refund and the Board is without jurisdiction to consider that year. For the year 1918 the petition is based upon a letter from the office of the Commissioner which was not a final determination. The proceeding bearing Docket No. 3081 will be dismissed as to the years 1917 and 1918 for want of jurisdiction. The year 1919 is properly before us in that proceeding and the year 1918 is properly before us in the proceeding instituted by said Hochschild, known as Docket No. 4058.
In the proceeding instituted by Carl M. Loeb, known as Docket No. 3082, the Board is asked to redetermine the tax liability for the years 1917 to 1920, inclusive. The petition, so far as it relates to 1917 is based upon the denial of a claim of refund and for the years 1918, 1919, and 1920 upon a notice which did not evidence a final determination. The proceeding bearing such docket number will be dismissed for want of jurisdiction. The liability of said Carl *821 M. Loeb for income tax in the year 1918 is properly before us in the proceeding instituted by him known as Docket No. 9192, arising from the denial of a claim for abatement of an additional assessment of tax for that year. The year 1920 is properly before us in the proceeding known as Docket No. 9191. This latter proceeding, however, must be dismissed as to the year 1919 for want of jurisdiction, no deficiency having been determined.
The situation in the proceeding filed by Julius Loeb, known as Docket No. 3088, is the same as exists in Docket No. 3082 filed by Carl M. Loeb and must be dismissed for want of jurisdiction. The tax liability of this petitioner for the years 1918 and 1920 was properly before us in the proceeding known as Docket No. 4061. This proceeding, however, must be dismissed for want of jurisdiction so far as it relates to the year 1919, no deficiency having been determined.
In the proceeding instituted by Henry Y. Putzel, Docket No. 4053, only the year 1918 is properly before us. The proceeding, so far as it purports to relate to other years, must be dismissed.
In the proceedings instituted by Hans Bernstorif, Docket No. 4054, and Henry Bruere, Docket No. 4055, the years 1918 and 1920 are properly before us. So far as the proceedings purport to relate to the year 1919, they must be dismissed for want of jurisdiction.
It is contended in the brief of the petitioners that in several of these proceedings assessment or collection of the deficiencies involved are barred by the period of limitation provided by law. While it appears that this may be so if there are no circumstances which extend the period of limitations or remove these deficiencies from its operations, the question of such limitation was not raised by the pleadings. It does appear that in some cases consents to a later determination, assessment and collection were filed. In other cases there is no proof whether such consents were filed. This question not being before us, we make no determination with respect to it.
The question before us involves a determination of the proper method of reporting so-called “ tantiemes,” a term used in the pleadings, stipulations, and testimony to describe the share of the profits which was payable annually to certain officers and employees of the American Metal Co. as additional compensation for services rendered by them. The greater portion of the facts were stipulated and, so far as they appear to be at all material to a decision of these proceedings upon any theory, they have been incorporated in our findings, although they raise several questions which become immaterial in the view we take of these cases.
The principal question is whether such tantiemes were properly reported as income for the year in which they were earned or should have been reported for the succeeding year. For many years it had *822 been the custom of the American Metal Co. to permit its principal employees, including the tantieme recipients, to make use of its accounting staff. For these employees the company attended to the details of the investment of their funds and the sale of such investments, to the collection of the income therefrom, to the payment of their bills, and to the recording of all these transactions. In addition, it acted as banker for them, allowing interest on daily balances. The purpose was to conserve the time of these officers and employees. There are in evidence transcripts of the accounts which were kept for such employees, which show that these facilities were used extensively by the petitioners. Not only were business transactions' handled and recorded for them by the company, but bills for personal and household expenses were regularly paid by check of the company and charged to the accounts. That these persons might have a record of their income and expenses, their investments and sales, a separate ledger was set up in which a detailed record was kept for each. The testimony discloses that such details were not necessary for the records of the company, all that it needed being a record of the amount of any credit or debit and a reference to the voucher or check number. Through these accounts passed all the business and nearly, if not all, of the personal transactions of these petitioners. Additional clerical labor was employed at the direction of the officers of the company, that it should be possible to perform these services and keep these accounts for the officers and employees.
These accounts were always available to the person for whom they were kept and at regular stated intervals, monthly, quarterly or semiannually, as the individuals might choose, copies were made and delivered to them. None of the petitioners kept any other accounts and all of them relied upon the accounts kept for them by the Metal Company for information in preparing their tax returns and in other matters.
The petitioners were under no compulsion to avail themselves of the facilities offered by the company and the company was likewise under no compulsion to act as banker and accountant for its officers and employees. The plan, however, was one which proved mutually satisfactory, the company receiving the benefit of the time saved and the petitioners having available complete records of their financial transactions, kept for their benefit under the supervision of accountants.
With minor exceptions all items which would affect net taxable income were regularly kept upon an accrual basis. Income-tax returns were prepared from these accounts in accordance with the basis on which such books were kept.' Petitioners had no other record from which to prepare their returns and with the many pur *823 chases and sales made, dividends and interest received or accrued, and deductible items paid out, it appears that it would have been impossible accurately to prepare the returns without some such record.
Since 1916 each of the revenue acts has contained the provision that returns are to be made in accordance with the method of accounting regularly employed in keeping the accounts of the taxpayer unless such method does not clearly reflect income. This the petitioners did, unless it is to be said that the accounts kept for them by the accountants of the company are not to be considered as their accounts. We see no distinction in principle between accounts kept by an accountant who might be paid by the taxpayer and accounts kept for a taxpayer by accountants furnished by an employer, over which accounts the taxpayer has control. If such accounts are the only accounts kept by or for the taxpayer and if they correctly reflect all his income, we are of the opinion that returns are properly made in accordance with the method employed in keeping such accounts.
It can scarcely be contended that the tantiemes did not accrue to the petitioners in the years in which the services, for which they were payment, were rendered. While the exact amount was not known at the close of each year, all facts necessary to a computation were ascertainable at that time. That the computation and entry are subsequently made is immaterial. See United States v. Anderson, 269 U. S. 422; Appeal of Max Sohott, 5 B. T. A. 79.
The last six months of 1916 stand on no different basis than subsequent years, for while the formal resolution changing the accounting period from a fiscal to a calendar year was not passed by the directors until 1917, it is stipulated that it was agreed in 1916 between those who controlled the company (and these included the directors and the tantieme recipients) that such change should be made, effective July 1,1916, and instructions were issued accordingly. The subsequent formal resolution of the directors confirmed the action already taken in 1916.
Where as here the accounts are regularly kept on an accrual basis, the returns are to be' made on that basis even though some items are recorded upon a different basis. In such cases, net income will be adjusted to correctly reflect it upon the accrual basis. Appeals of Bartles-Scott Oil Co., 2 B. T. A. 16; John F. Cook, 4 B. T. A. 916; Max Schott, 5 B. T. A. 79. Consideration of the record leads us to the conclusion that only a very small portion of the total income and deductions were recorded on other than an accrual basis, and that income was properly returned by the petitioners on such basis in each of the years involved. See Appeal of Max Schott, supra.
We have not overlooked the contention that since the amount was known approximately and was subject to ascertainment and the peti *824 tioners were in control of the company and permitted to draw against their tantiemes, these amounts were constructively received in the years in which earned, on either a cash or accrual basis of reporting income. Appeal of John A. Brander, 3 B. T. A. 231. Since it appears that income was properly reported upon an accrual basis, the decision of this, question is not involved.

Orders of dismissal will be entered as directed. Decision redetermining the deficiencies for the years involved will be entered on 15 days’’ notice, under Rule 50.

Considered by MaRquette and Van Fossan.
Milliken not participating.